**THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CINDY BOSKOFSKY,**

    Petitioner,

vs.                                         Case No. 4:08cv396-MP/WCS

**WARDEN AUGUSTINE, et al.,**

    Respondents.

    _____/

## REPORT AND RECOMMENDATION ON § 2241 PETITION

Pursuant to court order, doc. 12, Petitioner filed an amended petition pursuant to 28 U.S.C. § 2241. Doc. 13. Petitioner had initiated the case by filing documents which were construed as an attempt to file a civil rights complaint, but it was later confirmed that she wished to pursue habeas corpus relief. *See* doc. 12, pp. 1-2.

The previous § 2241 petition (which was an amended pleading, but the first § 2241 petition) was rejected as raising civil rights claims that must proceed separately, and not in this habeas corpus proceeding. Doc. 12, p. 2. Petitioner was advised that "[t]his case may *only* challenge the disciplinary infraction presented in ground 2," and that habeas corpus is available to challenge the duration of confinement or seek

immediate release. *Id.*, pp. 2-3, citations omitted. The order also advised that failure to comply could result in a recommendation of dismissal. *Id.*, p. 3.

The amended § 2241 petition challenges the disciplinary proceeding. For relief, Petitioner seeks the following:

> (1) Evidentiary hearing (2) Declare that the acts and omissions described herein violated Plaintiff's rights under B.O.P / C.F.R. policy (3) enter preliminary & permanent injunctions ordering Defendants to: obey C.F.R. policy, statutes & laws, investigate all incidents immediately & impartially, insure outside agency investigates Defendants, have incident report(s) code 224/201, disciplinary transfer & stalking documents removed / expunged from any & all files or records, re investigate the 3-10-08 incident & obtain my requested witness statements, and suspend each Defendant for 14 days. (4) Enter judgment in favor of Plaintiff for nominal, compensatory, & punitive damages as allowed by law, against each Defendant, jointly & severally. (5) Appoint counsel (6) Order such additional relief as this court may deem just and proper (7) Be allowed to reserve the right to amend this as necessary.

Doc. 13, p. 6 (all caps omitted).

These are not requests for relief from the fact or duration of Petitioner's confinement. As previously advised, civil rights claims must be presented separately. A review of the initial filing reveals that the disciplinary proceeding for the March 2008 incident resulted a finding of guilt on the two charges. On the first, Petitioner was sanctioned to "30 days Disciplinary Segregation suspended pending 90 days clear conduct; Disciplinary Transfer; 3 months Loss of Social Visiting, Phone and Commissary privileges all suspended pending 90 days clear conduct." Doc. 1, p. 21 in ECF. On the second charge, Petitioner was sanctioned to "15 days Disciplinary Segregation suspended pending 90 days clear conduct." *Id.*

Even if Petitioner could prove her claims, it would not impact the length of her confinement. Relief is not available in habeas corpus. If Petitioner wishes to submit a

civil rights complaint the filing fee is $ 350.00.  A civil rights complaint will be subject to the Prison Litigation Reform Act (PLRA).[1]

It is therefore respectfully **RECOMMENDED** that the amended § 2241 petition, doc. 13, be **SUMMARILY DISMISSED** as seeking relief not cognizable in habeas corpus proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 28, 2009.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] Under the PLRA (which does not apply to habeas corpus cases), even if leave to proceed in forma pauperis is granted the court may still access a partial filing fee, and the prisoner will be required to pay back the entire fee in monthly installments.  28 U.S.C. § 1915(b)(1), (2).  Further, the court will dismiss the case if it finds the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.  28 U.S.C. § 1915(e)(2).  A prisoner who has had three such dismissals is precluded from proceeding in forma pauperis absent allegations of "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Any prisoner case against a governmental entity, officer, or employee, whether filed in forma pauperis or not, is subject to screening by the court and may be dismissed.  § 1915A.

Case No. 4:08cv396-MP/WCS